UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                                               Case No.: 15-bk-08570
                                                                     Chapter 7
BENITO RODRIGUEZ
MARIA RODRIGUEZ

Debtor.                              /
_____

**MOTION TO SELL REAL PROPERTY FREE AND CLEAR OF LIENS,
ENCUMBRANCES AND INTERESTS WITH CONSENT OF ALL LIENHOLDERS**
(1422 Canal Point)

COMES NOW Arvind Mahendru, Chapter 7 Trustee, by and through his undersigned counsel, and hereby moves for authority to sell certain improved real property free and clear of all liens, encumbrances and interests, and in support thereof states as follows:

**JURISDICTION**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b) (2) (A), (M), (N) and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The basis for the relief requested herein are, *inter alia*, 11 U.S.C. §§ 105, 363(b) and Federal Rules of Bankruptcy Procedure 2002 and 6004.

**BACKGROUND**

4. On November 15, 2017, the Debtor converted this case for relief under Chapter 7 of the United States Bankruptcy Code.

5. Arvind Mahendru was appointed Chapter 7 trustee (the "Trustee").

1

6. The Debtors own real property, by virtue of a deed, located at 1422 Canal Point, Longwood, Florida, more particularly known as:

Lot 36, Bolling Farms according to the plat thereof as recorded in Plat Book 45, pages 56 to 57 in the public records of Seminole County, Florida (the "Property").

7. The Trustee completed a title search and found that the Property is encumbered by a mortgage lien. By priority, but not including any outstanding property taxes or municipal liens, the Property is encumbered as follows:

   a. first mortgage lien in favor of U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST serviced by Caliber Home Loans as recorded in the public records of Seminole County, Florida.

8. The Trustee has accepted an offer from Caliber Home Loans to purchase this home in the amount of $645,000.00. The instant offer from Caliber Home Loans, the senior most lienholder, is tendered in part as a § 363(k) credit bid of $645,000.00, in part as an agreement to waive the filing of an unsecured claim in the instant bankruptcy case, and as a $17,500.00 cash dividend to the estate, pursuant to 11 U.S.C. § 506(c), for the reasonable, necessary costs and expense of disposing of the Property. Any and all closing costs (including document stamps, applicable taxes, insurance premiums, etc.) shall be borne by U.S. Bank and such costs shall not diminish the $17,500.00 cash dividend to the bankruptcy estate.

9. The current offer was not the only offer on the property but is the greatest offer, and not contingent on financing. Moreover, the estate believes it is a fair offer for the current economy and the length the property has remained on the market.

10. The Buyer is a disinterested party, the Trustee finds them to be acting in good faith, and they should be afforded the protections under Section 363(m).

## AUTHORITY TO SELL

11. Pursuant to § 363(b)(1) of the Bankruptcy Code, a trustee, after notice and hearing, may use, sell or lease property of the estate other than in the ordinary course of business. Additionally, pursuant to § 363(f) of the Bankruptcy Code, the trustee may sell property free and clear of any interest in such property of an entity other than the estate if (i) permitted under applicable non-bankruptcy law, (ii) the party asserting such interest consents, (iii) the interest is a lien and the purchase price of the property is greater than the aggregate amount of all liens on the property, (iv) the interest is subject of a bona fide dispute, or (v) the party asserting the interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest.

12. Section 363(f) of the Bankruptcy Code is stated in the disjunctive. Thus, it is only necessary for the Trustee to satisfy one of the five conditions of § 363(f).

13. The Trustee avers that he shall satisfy section 363(f)(2) insofar as all lien holders shall consent to a sale of the property under section 363(f)(2), and that he should then be authorized to sell the Property free and clear of all liens, claims, encumbrances and interests. Said lien holders consents are attached as Exhibit "A".

14. No allegation contained in this Motion or attachments thereto are intended by the Trustee as an attempt to seek approval of professional fees, trustee fees or costs. Amounts denoted for fees or benefit of creditors in the instant motion or attachments thereto are for reference only. Monies collected by the Trustee shall be deposited in an estate account and will be distributed pursuant to applicable bankruptcy law. Moreover, professional compensation and Trustee compensation shall be sought by separate application to the Court.

## CONCLUSION

15. The Trustee, in the exercise of his business judgment, believes, and therefore avers, that the proposed sale is in the best interest of the creditors of the bankruptcy estate insofar as there is otherwise no equity in the Property, the Trustee is more familiar with the current market than other interested parties, and a sale under this motion serves the best interest of all interested parties, including the Secured Creditors. U.S. Bank has agreed, subject to Court approval, to pay to the Trustee the sum of $645,000.00 as a § 363(k) credit bid, to waive their ability to file an unsecured claim in the instant bankruptcy case, and pay a cash dividend to the estate of $17,500.00 surcharge under § 506(c) for the expense of disposing of the Property, in exchange for the Property free and clear of all liens, encumbrances, or interests.

WHEREFORE, the Trustee moves for the entry of an Order substantially in the form attached hereto:

A. Authorizing the sale of the Property to the purchaser free and clear of all liens, encumbrances, or interests of any party; and,

B. Authorizing the Trustee to take any all actions and to execute any and all documents necessary and appropriate to effectuate and consummate the terms of said sale of the Property free and clear of all liens, encumbrances, or interests, including without limitation, executing a deed conveying the interests of the Debtor or any other party claiming an interest in the Property to the Purchaser;

C. Determining that all affected interests have been adjudged and declared to be unconditionally released as to the Property;

D. Determining that the Buyer has not assumed any liabilities of the Debtor;

E.  Determining that the Buyer is approved as a buyer in good faith in accordance with Section 363(m) of the Bankruptcy Code, and that the Buyer is entitled to all protections of Section 363(m) of the Bankruptcy Code, and

F.  Granting the Trustee such other and further relief as is just and proper.

Respectfully submitted,

/s/ Arvind Mahendru
Arvind Mahendru, Esq.
5703 Red Bug Lake Rd. #284
Winter Springs, FL 32708
407-504-2462

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served by U.S. Mail and/or electronic delivery to all parties listed below this May 9, 2018:

**U.S. Bank Trust, N.A., as Trustee for Lsf9 Master Participation Trust**
c/o Phelan Hallinan Diamond & Jones PLLC via ECF
and all parties on the attached mailing matrix

/s/ Arvind Mahendru
Arvind Mahendru, Trustee